FILED
2019 Oct-04 PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **JEREMY MINOR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| **CENTRAL FOREST PRODUCTS,** | ) **JURY DEMANDED** |
| **INC., and TRAVIS BROWN,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Jeremy Minor ("Plaintiff" or "Minor"), by and through his undersigned counsel of record, and files this Complaint against Defendants, Central Forest Products, Inc. ("Defendant Central Forest") and Travis Brown ("Defendant Brown") (collectively "Defendants"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

2. The unlawful employment practices described herein were committed in Florence, Alabama. Florence is located in Lauderdale County, Alabama, and,

accordingly, venue lies in the United States District Court for the Northern District of Alabama, Northwestern Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff is a citizen of the United States of America, over the age of nineteen (19) years, a resident of the State of Alabama who is entitled to protection pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and was at all times relevant an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e).

4. Defendant Central Forest is a domestic corporation functioning within the State of Alabama, is an "employer" within the meaning of 29 U.S.C. § 203(d), and was at all times relevant Plaintiff's "employer."

5. Defendant Brown is an individual and resident of Florence, Alabama, located in Lauderdale County, Alabama, as well as the owner of Defendant Central Forest, who supervised the day-to-day operations of Defendant Central Forest. Therefore, Defendant Brown is an "employer."

6. Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce.

7. Defendants' annual gross volume of sales was $500,000 or more.

8. Plaintiff performed work for Defendants by repairing logging equipment, which produced goods for commerce, and using goods that were

2

transported via interstate commerce, thus Defendants are an "enterprise," as contemplated by 29 U.S.C. § 203 (r) & (s).

## FACTS

9. Plaintiff re-alleges and incorporates paragraphs one (1) through eight (8) as if fully set forth herein.

10. Defendants hired Plaintiff in May 2015.

11. Plaintiff was employed by Defendants for three (3) years.

12. Plaintiff repaired damaged or broken equipment used by Defendants for logging.

13. Plaintiff also performed maintenance tasks for Defendants, including but not limited to, fence repair, welding, and installation of water lines.

14. Plaintiff's job duties did not exempt him from protection under the FLSA.

15. Defendants are not exempt from FLSA coverage in relation to Plaintiff's employment.

16. Plaintiff was an employee paid an hourly rate of twenty-two dollars and fifty cents ($22.50).

17. Plaintiff worked over forty (40) hours each week.

18. Defendants only paid Plaintiff the hourly rate for hours worked.

19. Defendants failed to pay Plaintiff the overtime rate for hours worked in excess of forty (40) each week.

20. Plaintiff informed owner, Defendant Brown, that failure to pay the overtime rate violated the FLSA.

21. Defendant Brown replied that he was aware of the violation and wondered when someone would bring it to his attention.

22. To date, Defendants have not paid Plaintiff for overtime due.

### COUNT I
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
(Overtime Violations – 29 U.S.C. § 207)

23. Plaintiff is not exempt from protections provided by the FLSA.

24. Defendants are not exempt from coverage under the FLSA.

25. Defendants have a duty to keep certain records pursuant to 29 U.S.C. § 211(c), which Plaintiff will be relying upon in prosecuting his claims.

26. Defendants failed to compensate Plaintiff at the overtime rate required by 29 U.S.C. § 207, for hours worked in excess of forty (40) each work week.

27. Defendants' denial of Plaintiff's overtime was willful.

28. When Plaintiff informed Defendant Brown he was violating the FLSA, Defendant Brown replied that he was aware of the violations and wondered when someone would bring it to his attention.

29. Defendants' failure to pay Plaintiff overtime due was willful and without good faith, as defined in 29 U.S.C. § 260.

30. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207 and 29 U.S.C. § 215(a)(2).

**WHEREFORE**, Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. All overtime wages due to Plaintiff under the FLSA for the time Plaintiff was employed by Defendants;

B. Liquidated damages in an equal amount;

C. A reasonable attorneys' fee;

D. Plaintiff's costs and expenses;

E. Interest on all monies owed; and

F. Any other relief the Court deems just and appropriate.

Respectfully submitted this 2nd day of October 2019.

Anthony D. Michel (ASB-6809-064M)
*Attorney for Plaintiff, Jeremy Minor*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, AL 35203
P: (205) 980-5700
F: (205) 994-2819
anthony@wmalabamalaw.com

## JURY DEMAND

Plaintiff demands a trial by struck jury.

Respectfully submitted,

_____
Attorney for Plaintiff

**DEFENDANTS TO BE SERVED VIA PROCESS SERVER AT THE FOLLOWING ADDRESS:**

Travis R. Brown
Central Forest Products, Inc.
13340 Highway 20
Florence, Alabama 35633